**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Marvin Eugene Bradley,<br><br>Petitioner,<br><br>v.<br><br>United States of America,<br><br>Respondent. | ) | Case No.: 2:08-cr-691-PMD<br><br>**ORDER** |

Marvin Eugene Bradley, a federal prisoner, moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (ECF No. 60). The United States ("Government") has filed a motion to stay this matter (ECF No. 65). For the reasons stated herein, the Court grants the Government's motion.

Bradley's § 2255 motion is based on this Court sentencing Bradley as a career offender under the United States Sentencing Guidelines. *See* U.S.S.G. §§ 4B1.1, 4B1.2(a) (2008). The Court based that designation in part on Bradley's 1990 conviction in South Carolina state court for armed robbery.[1] Bradley argues that after *Johnson v. United States*, 135 S. Ct. 2551 (2015), his career-offender designation is unconstitutional and therefore he must be resentenced. More specifically, Bradley contends his armed robbery conviction cannot validly constitute a predicate "crime of violence" under the residual clause in § 4B1.2(a)(2) because *Johnson* has held identical language to be unconstitutionally vague. Bradley then contends his conviction cannot fall under the remaining portions of § 4B1.2(a).

1. Bradley actually was convicted of two counts of armed robbery, but because the sentences were both imposed on the same day, they were treated as a single conviction under the Guidelines. *See* U.S.S.G. §§ 4A1.1(a)–(c), 4A1.2(a)(2), 4B1.2(c). Thus, in this Order, the Court uses "conviction" to refer to both convictions collectively.

The Government has not yet responded to Bradley's motion. Rather, it asks that the Court stay this matter until the Supreme Court decides *Beckles v. United States*, No. 15-8544 (U.S.).[2] The questions to be addressed in *Beckles* include whether *Johnson*'s holding applies to the residual clause in § 4B1.2(a)(2) and whether *Johnson* applies retroactively to collateral cases challenging sentences enhanced under that residual clause. The Government argues that because the Supreme Court's answers to those questions will likely control the outcome of Bradley's § 2255 motion, this Court should not go forward until *Beckles* is decided. Several other members of this Court have agreed. *See United States v. Brice*, No. 3:12-cr-850-CMC, slip op. (D.S.C. Aug. 9, 2016); *United States v. Sheppard*, No. 8:11-cr-816-HMH-1, slip op. (D.S.C. July 11, 2016); *United States v. Carpenter*, No. 3:07-cr-1521-JFA, slip op. (D.S.C. June 30, 2016); *United States v. Mason*, No. 4:07-cr-1423-RBH, text order (July 6, 2016).

Bradley argues the Court should not wait to see what the Supreme Court may say in *Beckles*; instead, he urges this Court to rule on the merits of his § 2255 motion now. The Court questions, however, whether that would be in Bradley's best interest. To obtain relief, Bradley must show his armed robbery conviction does not fall under either of § 4B1.2(a)'s other two clauses—namely, the enumerated-offense clause and the force clause. Judge Harwell has ruled that South Carolina armed robbery is a violent felony under the Armed Career Criminal Act's identically worded force clause. *Barrentine v. United States*, No. 4:09-cr-953-RBH, 2013 WL 2635730, at *3 (D.S.C. June 12, 2013). Further, in South Carolina, common law robbery is a lesser-included offense of armed robbery, *State v. Scipio*, 322 S.E.2d 15, 16 (S.C. 1984), and the undersigned recently held that South Carolina common-law robbery falls under the ACCA's force clause and thus still constitutes a predicate violent felony even after *Johnson*. *United*

2. The Supreme Court granted certiorari in *Beckles* on June 27, 2016, after Bradley filed his § 2255 motion. *See* 136 S. Ct. 2510 (mem).

*States v. Doctor*, 2:13-cr-811-PMD, 2015 WL 8160764, at *4 (D.S.C. Dec. 7, 2015); *see also Frye v. United States*, No. 2:09-cr-291-DCN-1, 2012 WL 5549020, at *2 (D.S.C. Nov. 15, 2012) (holding South Carolina common-law robbery falls under § 4B1.2(a)'s force clause). If the Court were to rule now, *Doctor*, *Frye*, and *Barrentine* would counsel against granting Bradley relief. However, *Doctor* is currently on appeal at the Fourth Circuit; oral argument is set for next month. A reversal in *Doctor* might benefit Bradley.

In the Court's view, *Beckles* and *Doctor* both have great potential to control the outcome in this matter. Accordingly, the Court **GRANTS** the Government's motion and **STAYS** this matter until decisions are issued in both *Beckles* and *Doctor*. The stay shall expire automatically once both of those decisions are issued. However, once the first of the two decisions is issued, Bradley and the Government may move to lift the stay.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**August 22, 2016**
**Charleston, South Carolina**