# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Marvin Eugene Bradley, ) | |
| ) | Case No.: 2:08-cr-691-PMD |
| Petitioner, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Federal prisoners Marvin Eugene Bradley moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (ECF No. 60). Previously, the Court stayed proceedings pending the Fourth Circuit's decision in *United States v. Doctor*. Now that the Fourth Circuit has issued that decision, this Court now lifts the stay and, for the reasons stated herein, denies Bradley's § 2255 motion.[1]

## BACKGROUND

In 2009, Bradley pled guilty to two counts of possession with intent to distribute controlled substances. *See* 21 U.S.C. § 841(a), (b). At that time, his criminal history included a conviction in South Carolina state court for armed robbery[2] and a federal-court drug conviction. At sentencing, the Court determined those prior convictions made Bradley a career offender under the United States Sentencing Guidelines. *See* U.S.S.G. §§ 4B1.1, 4B1.2(a) (2008). After granting a request by the Government to depart downward, *see* U.S.S.G. § 5K1.1, the Court

---

1. The Court has thoroughly reviewed the record and finds Bradley's § 2255 motion suitable for disposition without an evidentiary hearing.

2. Bradley actually was convicted of two counts of armed robbery, but because the sentences were both imposed on the same day, they were treated as a single conviction under the Guidelines. *See* U.S.S.G. §§ 4A1.1(a)–(c), 4A1.2(a)(2), 4B1.2(c). Thus, in this Order, the Court uses "conviction" to refer to both convictions collectively.

sentenced Bradley to 108 months in prison on each count, to be served concurrently. Bradley did not appeal.

In May 2016, Bradley filed his § 2255 motion, in which he asserted that his career-offender designation is unconstitutional under *Johnson v. United States*, 135 S. Ct. 2551 (2015). In lieu of a response, the Government filed a motion to stay proceedings pending the Supreme Court's decision in *Beckles v. United States*, 616 F. App'x 415 (11th Cir. 2015), *cert. granted*, 2016 WL 1029080 (U.S. June 27, 2016) (No. 15-8544). After Bradley filed a response in opposition to the Government's motion, the Court granted the Government's request, with a slight modification. Although the Court agreed with the Government that *Beckles* may control the outcome of Bradley's § 2255 motion, the Court also found that the Fourth Circuit's then-pending decision in *Doctor* was also likely to control the outcome. Accordingly, the Court stayed proceedings until both cases were decided.

The Fourth Circuit issued its decision in *Doctor* on November 21. Having carefully analyzed that opinion, this Court finds that it need not wait for *Beckles* in order to rule on Bradley's § 2255 motion. Accordingly, it now lifts the stay.

## APPLICABLE LAW

Bradley proceeds under 28 U.S.C. § 2255, which provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). On a motion to vacate, set aside, or correct a sentence under § 2255, the petitioner bears the burden of proving the grounds for collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). In deciding a § 2255

2

motion, the district court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

## DISCUSSION

Under the Sentencing Guidelines, a defendant is a career offender if

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). Bradley's motion focuses solely on the third element. Although Bradley concedes his prior federal drug conviction is a predicate controlled substance offense, he argues his armed-robbery conviction cannot constitute a "crime of violence." *See* U.S.S.G. § 4B1.2(a) (defining that term). Thus, he contends, he does not have enough qualifying prior felony convictions to trigger the career-offender enhancement.

When Bradley pled guilty, the guidelines defined "crime of violence" as any state or federal crime, punishable by more than a year in prison, that—

1. has as an element the use, attempted use, or threatened use of physical force against the person of another, or

2. is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

U.S.S.G. § 4B1.2(a) (2008) (emphasis added). The emphasized language is commonly called the "residual clause." *See, e.g.*, *United States v. Martin*, 753 F.3d 485, 488 (4th Cir. 2014). The Armed Career Criminal Act ("ACCA") uses an identically worded residual clause to define the term "violent felony." *See* 18 U.S.C. § 924(e)(2)(B)(ii). In *Johnson*, the Supreme Court declared the ACCA's residual clause unconstitutionally vague. 135 S. Ct. at 2563. Bradley argues that *Johnson*'s holding applies to § 4B1.2(a)(2)'s residual clause and that his armed

3

robbery conviction cannot constitute a crime of violence under the remaining portions of § 4B1.2(a). Consequently, he argues, his career-offender designation is invalid because he no longer has the threshold number of predicate offenses to trigger it.

In *Beckles*, the Supreme Court is poised to decide the first part of Bradley's argument—whether *Johnson*'s holding applies to § 4B1.2(a). However, *Doctor* undercuts the remaining portions of Bradley's argument.

Just like § 4B1.2(a)'s crime-of-violence definition, the ACCA defines "violent felony" in part as a crime, punishable by more than a year in prison, that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). Courts commonly refer to those identical provisions as the "force clause." *See, e.g.*, *United States v. Doctor*, No. 15-4764, 2016 WL 6833343, at *1 (4th Cir. Nov. 21, 2016); *United States v. Shell*, 789 F.3d 335, 341 (4th Cir. 2015). In *Doctor*, the Fourth Circuit held that South Carolina strong arm robbery categorically falls under the ACCA's force clause and thus still constitutes a violent felony even after *Johnson*. 2016 WL 6833343, at *5. Courts' interpretations of the ACCA's violent-felony definition "apply with equal force" to § 4B1.2(a)'s crime-of-violence definition. *United States v. Jarmon*, 596 F.3d 228, 231 n.* (4th Cir. 2010).

In South Carolina, strong arm robbery is a lesser-included offense of armed robbery. *State v. Scipio*, 322 S.E.2d 15, 16 (S.C. 1984). As that lesser-included offense is categorically a crime of violence under the force clause, "it necessarily follows" that armed robbery is, too. *Cf. United States v. Chisolm*, 579 F. App'x 187, 195–96 (4th Cir. 2014) (holding South Carolina crime of criminal domestic violence of a high and aggravated nature was categorically a crime of violence under § 4B1.2(a) because its lesser-included offense, criminal domestic violence, fell entirely within § 4B1.2(a)'s force clause). Consequently, even if *Johnson*'s holding applies to

4

§ 4B1.2(a)'s residual clause, Bradley's armed robbery conviction still constitutes a second, enhancement-triggering predicate offense because it falls under § 4B1.2(a)'s force clause. Thus, his § 2255 motion is without merit.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Bradley's § 2255 motion is **DENIED**. The Court declines to issue a certificate of appealability.[3]

**AND IT IS SO ORDERED.**

*[signature]*
PATRICK MICHAEL DUFFY
United States District Judge

**December 12, 2016**
**Charleston, South Carolina**

---

3.  A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that the merits of his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Petitioner has not satisfied that standard. Accordingly, the Court declines to issue a certificate of appealability. *See* R. 11(a), § 2255 Rules.